## THE PEERLESS.

## McALLISTER v. LAMBERT TRANSP. CO., Inc.

(District Court, S. D. New York. January 11, 1923.)

1. **United States ⊜125—May be impleaded under admiralty rule 56.**

The United States may be impleaded in an admiralty suit under admiralty rule 56, on allegations which would render it liable over to respondent.

2. **Shipping ⊜52—Returning chartered barge subject to lien for repairs held breach of charter.**

It is a breach of the condition of a demise charter of a barge requiring it to be returned in good condition, except for ordinary wear, to return it in such good condition, but subject to a lien for the cost of repairs.

In Admiralty. Suit by James McAllister against the Lambert Transportation Company, Inc., with the United States, charterer of the Peerless, impleaded. Decree for libelant against both respondents.

Foley & Martin and W. J. Martin, all of New York City, for libelant.

Edward A. Brown, of New York City, for respondent.

William Hayward, U. S. Atty., of New York City, for the United States.

WARD, Circuit Judge. The libelant, McAllister, chartered his barge Peerless to the Lambert Transportation Co., Inc., from October 1, 1917, to October 1, 1918. The charter party was the usual harbor charter of demise and contained the following article:

"Seventh. At the expiration of the term of this charter, said party of the second part shall return the said barge unto the said party of the first part, at the port of New York, free and clear of and from any and all liens which may have been contracted or imposed by reason of the acts of the party of the second part hereto, during the term of this charter, and said barge shall so be returned in the same good order and condition with equipment as when received, ordinary wear and tear and damage by the elements excepted."

November 22, 1917, the Lambert Company subchartered the barge to the United States until October 1, 1918, under the usual harbor charter of demise, which contained the following article:

"Seventh. The said vessel shall be returned to the charterer at the place of delivery at a date not later than a reasonable time after peace shall be declared, or at the expiration of the period of hire as hereinbefore provided, in as good condition as she was at the time of delivery to the commandant, except damage caused by ordinary wear and tear, fire, the elements, perils of the sea, or by negligence of the charterer, his agents and employees, and of other persons not in the employ of the government: Provided, that the government shall be responsible for damage to the said vessel caused by the negligence of the officers, agents and employees of the government, and damage due to acts of violence or other casualty arising out of war conditions, or from war risks."

The Lambert Company was under the obligation of returning the barge to the libelant, and the United States of returning her to the Lambert Company in the same good order and condition, usual wear and tear excepted, as when received. Jova Brick Works v. City of New York (C. C. A.) 277 F. 180. In point of fact, the barge was damaged while in the possession of the United States by being squeezed between the United States steamer Martha Washington and a pier at Hoboken, N. J., and was sent by it for repairs to the yard of Ira S. Bushey & Sons, Inc. The work was done, but the government has not paid for it.

Accordingly, though returned to the libelant in the same good order and condition as when received, the barge is subject, under the Act of June 23, 1910, c. 373, 36 Stat. 604 (Comp. St. §§ 7783–7787), to a lien for the cost of putting her in that condition, which is a breach of the express pro-

vision as to liens in article 7 of the charter party to the Lambert Company, so that there is no doubt of its liability to the libelant.

The Lambert Company brought in the United States by petition under the fifty-sixth rule in admiralty. The United States appeared specially to file exceptions to the jurisdiction of the court:

First. On the ground that the cause of action arose in August, 1918, and suit having been instituted more than one year thereafter, the cause of action was barred under section 5 of the Admiralty Suits Act of March 9, 1920, c. 95, 41 S. L. 525 (Comp. St. Ann. Supp. 1923, § 1251¼d). But the suit was in personam under section 24 (20) of the Judicial Code (Comp. St. § 991(20), which authorizes suits for amounts under $10,000 to be brought against the United States in the District Court and not under the Admiralty Suits Act at all.

Second. On the ground that the cause of action was in tort and not in contract. But the suit was on the express contract of the United States contained in article 7 of the subcharter, supra.

Third. On the ground that the suit did not comply with the Tucker Act of March 3, 1887, 24 Stat. 505. But the provisions of that act relating to suits in the federal courts were incorporated in Judicial Code, § 24 (20), and the libelant had the right to proceed either in the District Court of the United States or in the Court of Claims.

[1] The exceptions were overruled at the trial, and the United States attorney said he had no proofs to offer. The question, therefore, is whether the United States can be and has been brought in under the fifty-sixth rule in admiralty as a person "who may be partly or wholly liable either to the libelant or to such claimant or respondent by way of remedy over, contribution, or otherwise growing out of the same matter." It seems to me clear that it can as a person liable to the respondent, the Lambert Company, by way of remedy over; and the United States, by not denying the following allegation in the fourteenth article of the Lambert Company's petition, must be taken to admit that it advised this petition to be filed:

"Fourteenth. * * * That subsequently, and at the suggestion of the said United States district attorney, appearing for the said United States of America, it was deemed advisable that the said action aforementioned so instituted against the United States of America be abandoned, and that

the said United States of America be impleaded in this cause; that by reason thereof this petition is herewith presented."

To make the matter even more complete, the United States signed a stipulation as follows:

"It is hereby stipulated by and between proctors for the respective parties herein that, in lieu of plaintiff interposing and filing amended petition herein, said plaintiff may petition for impleader of the United States of America, in the action now pending in this court entitled 'James A. McAllister, Libelant, v. Lambert Transportation Company, Respondent,' and that an order to the foregoing effect may be entered without notice.

"Dated March 31, 1921."

[2] To return the barge repaired, but subject to a lien for the cost of the repairs, is in my opinion no more returning her in the same good order and condition as when received, less ordinary wear and tear, than if she had been returned without repairs. Such a method of fulfilling the contract obligation is a mere trick, a keeping of the promise to the ear only, and the proof is that the barge has actually been libeled for the cost of these repairs in the District Court of the United States for the Eastern District of New York.

The libelant is entitled to speedy and effectual relief, and there will be an interlocutory decree in his favor for the cost of the repairs, primarily against the United States, and secondarily against the Lambert Company, with the usual reference to a commissioner, if the amount be not agreed upon.