## HIDALGO STEEL CO. v. MOORE & McCORMACK CO., Inc., et al.

(District Court, S. D. New York.   August 11, 1923.)

1. **United States ⬡⟶125—District attorney not empowered to waive immunity.**
   United States district attorney cannot waive immunity of government and confer jurisdiction, where none previously existed.

2. **United States ⬡⟶125—United States could be impleaded in libel based on bills of lading designating respondent as government's agent.**
   In libel on bill of lading issued for government-owned vessel, designating the respondent as agent of the United States Shipping Board, the respondent, under general admiralty rule No. 56, could implead the United States, regardless of whether the claim was one under the Tucker Act (Judicial Code, § 145; Comp. St. § 1136), or one under Suits in Admiralty Act, §§ 1, 2 (Comp. St. Ann. Supp. 1923, §§ 1251¼, 1251¼a).

3. **Shipping ⬡⟶106—Bill of lading maritime contract.**
   A bill of lading for transportation by ship is a maritime contract.

4. **United States ⬡⟶133—Period of limitations within which agent of United States Shipping Board can implead government in action on bills of lading does not run from time when loss occurs.**
   Period within which United States Shipping Board's agent could implead the United States, in libel by shipper to which agent issued bills of lading under Suits in Admiralty Act, §§ 1, 2 (Comp. St. Ann. Supp. 1923, §§ 1251¼, 1251¼a), did not commence to run when damage was sustained by shipper, since agent's cause of action against government in such case does not accrue until the agent is held liable to shipper.

In Admiralty.   Libel by the Hidalgo Steel Company against the Moore & McCormack Company, Inc., in which the United States and another were impleaded.   Petition to dismiss as to United States denied.

Bigham, Englar & Jones, of New York City (Henry N. Longley, of New York City, of counsel), for libelant.

Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for respondent Moore & McCormack Co., Inc.

William Hayward, U. S. Atty., of New York City (G. R. Snider, H. T. Atkins, and C. W. Wolfe, all of New York City, of counsel), for the United States and another.

GODDARD, District Judge.   In admiralty.   The libel of Hidalgo Steel Company against Moore & McCormack Company, Inc., was filed in this court on May 2, 1921.   On February 6, 1923, an amended libel was filed.   The respondent filed its answer on February 21, 1923, and on the same date filed its petition impleading the United States of America and James R. Langdon.   The amended libel sets forth that the libelant delivered to the respondent, on or about March 18, 1920, certain merchandise to be carried by the respondent from New York to Sweden, and that the respondent thereupon issued two bills of lading to the libelant; that thereafter the respondent, without the consent or knowledge of the libelant, placed the merchandise on a barge known as Shamrock No. 12 for the purpose of storage; that the said barge was entirely unseaworthy, and on March 27, 1920, the barge listed because of her unseaworthy condition and cast her cargo overboard;

---

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and that by reason of this casualty libelant suffered damage to the extent of $6,000.

The respondent in its answer, after denying certain allegations of the libel, set up as an affirmative defense that the respondent was at all times acting as agent of the United States Shipping Board, and that as such agent the respondent chartered the barge in question for the storage of the merchandise; that the merchandise, the property of the libelant, was placed on this unseaworthy lighter, but that the respondent had no knowledge that the lighter was unseaworthy. The respondent's petition, impleading the United States of America, sets out the filing of the libel and the allegations contained therein, and that in all matters respondent acted as agent for the United States of America, and as such agent it chartered the lighter in question, and in the sixteenth article of the petition the respondent alleges that the United States of America and James R. Langdon are necessary parties and should be proceeded against to determine—

"in one proceeding whether the liability of the petitioner, if it be held to be under any liability to the libelant, is in legal effect the liability of the United States of America, * * * and whether the petitioner or said impleaded parties, or either of them, should bear the eventual liability, if any there be, for the alleged loss."

The United States appeared specially and filed exceptions upon grounds solely of jurisdiction and of the expiration of the limitation prescribed by the Suits in Admiralty Act.

The libel is filed against a carrier for damages to merchandise while in its possession after the issuance of bills of lading. The first question to be determined is whether the United States can be impleaded, and, if so, then whether the period of limitation has expired. General admiralty rule 56 provides:

"In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libelant or to such claimant or respondent by way of remedy over, contribution of otherwise, growing out of the matter. * * *"

In The Peerless, 1923 A. M. C. 236, where the libelant chartered his barge to the Lambert Transportation Company, and the latter subchartered her to the United States, in whose possession the barge was damaged, the Lambert Company, when sued by the barge owner, petitioned in the United States, which filed exceptions to the jurisdiction of the court under the petition. Circuit Judge Ward said:

"The question, therefore, is whether the United States can be and has been brought in under the fifty-sixth rule in admiralty as a person, 'who may be partly or wholly liable either to the libelant or to such claimant or respondent by way of remedy over, contribution or otherwise growing out of the same matter.' It seems to me clear that it can as a person liable to the respondent, the Lambert Company, by way of remedy over."

[1, 2] In his opinion Judge Ward added arguendo that the United States did not deny the allegation that the United States district attorney had suggested and consented to the impleading of the government. But as the district attorney has not power to waive the immunity of the government, and to confer jurisdiction where none pre-

viously existed, Judge Ward's decision cannot therefore be regarded as based upon such consent. Such a conclusion, it seems to me, is consistent with the purposes and intention of the fifty-sixth rule, which superseded and enlarged the old fifty-ninth rule.

The United States has, by two statutes, consented to be sued: By the Tucker Act (section 145 of the Judicial Code [Compiled Statutes, § 11386]), which provides that:

"All claims * * * founded * * * upon any contract, expressed or implied, with the government of the United States * * * in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable,"

—may be perfected by the filing of suit in the Court of Claims, or for amounts less than $10,000 in the District Court. Also by the Suits in Admiralty Act (Act March 9, 1920, c. 95, 41 Stat. 525, § 1 [Comp. St. Ann. Supp. 1923, § 1251¼]), which provides:

"No vessel * * * operated by or for the United States * * * shall hereafter * * * be subject to arrest or seizure. * * * *"

Section 2 (Comp. St. Ann. Supp. 1923, § 1251¼a) provides:

"That in cases where, if such vessel were privately owned or operated, * * * a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States. * * * *"

[3] The libelant sues on the bill of lading issued for a government-owned vessel, and as between Moore & McCormack Company, Inc., and the United States, the question arises as to who is liable (if either should be) upon this bill of lading. The bill of lading is the foundation of the suit in which the government is impleaded, and a bill of lading is one of the most distinctively maritime of all contracts. The petition calls upon the government to answer the exigency of the libel. The Sarnia (C. C. A.) 261 Fed. 900. The suit has not ceased to be the suit of the Hidalgo Steel Company upon its bill of lading. Upon the bill of lading issued to the libelant, the name of Moore & McCormack Company, Inc., appears as agent for the Shipping Board, and Moore & McCormack Company, Inc., is therefore not a stranger to that instrument, and in a suit upon it is entitled to have it determined whether the United States, which also appears upon the instrument as represented by the Shipping Board, is the party primarily liable thereon. The agency contract of Moore & McCormack Company, Inc., with the United States, is, indeed, annexed to the petition by way of explanation, but the primary source of obligation in the suit is the bill of lading. This is undoubtedly a maritime contract. Haveron v. Goelet (D. C.) 83 Fed. 301; The Gustavia, 1 Blatchf. & H. 189, Fed. Cas. No. 5,876; The Buckhannon (D. C.) 283 Fed. 352.

[4] The government's contention that the period of limitation has expired does not, of course, include the Tucker Act, in which the period of limitation is six years (Judicial Code, § 34, subd. 29 [Comp. St. § 991 (20)]), but refers solely to section 5 of the Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, § 1251¼d), providing:

"That suits as herein authorized may be brought only on causes of action arising since April 6, 1917, provided that suits based on causes of action aris-

ing prior to the taking effect of this Act shall be brought within one year after this Act goes into effect, and all other suits hereunder shall be brought within two years after the cause of action arises."

The damage to the merchandise occurred on March 27, 1920, while the petition impleading the United States was not filed until February 21, 1923, so that more than two years elapsed between the date of the damage and the time of the filing of the petition.

That contention, however, assumes that the right of Moore & McCormack Company, Inc., to proceed against the government, arose at the time of the loss, March 27, 1920; but Moore & McCormack Company, Inc., could not have maintained this petition, as this suit had not been then brought, nor could then maintain an independent action, for they had so far suffered no damage. While the libelant was damaged by the loss of the goods, the petitioner does not sustain damage unless held liable therefor, and it is that liability, if any, it is seeking to cast upon the United States. 25 Cyc. 1093, as to the law of indemnity, states the following:

"Where the condition of a bond or the promise in any other contract is to indemnify the obligee or promisee against loss or damage, the cause of action accrues and the statute begins to run when and only when the loss or damage occurs, not when the act is done which causes the damage. It has been held, however, that a liability to injury, when accompanied by any inconvenience or damage to the indemnitee on account of the indemnitor's neglect, constitutes a breach of the contract and gives an immediate right of action; and that there is a breach as soon as a judgment is recovered against the indemnitee determining his liability, so that a right of action accrues and the statute begins to run, although the judgment is not paid. But as a general rule where the contract is to idemnify against loss or damage arising from the payment of money, the cause of action begins to run from the time when the indemnitee pays th emoney, not from the time when he becomes liable to pay it. * * *"

Where an agent has a right to recover from his principal by way of indemnity for the agent's liability to a third person, such right does not accrue when the liability to the third person originates, but, as stated in 2 C. J. 797:

"Where the agent's acts in the course of his agency impose upon him a liability to a third person, his right of action against his principal for reimbursement does not, as a general rule, accrue until he has discharged such liability; but the right accrues immediately upon his discharge of the liability either voluntarily or involuntarily."

Therefore, whether the claim is made under the Suits in Admiralty Act or under the Tucker Act, it seems to me that the petition to dismiss should be denied.

Decree to be entered accordingly.