### THE COTATI.

### THE BUTTERFIELD.

(District Court, S. D. New York. December 15, 1923.)

**1. United States ⚖=131—Cannot be impleaded in admiralty suit, except in district where suit against it might be brought.**

Under Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), providing that suits against the United States thereunder shall be brought in the court of the district in which the parties suing reside or have their principal place of business, or in which the vessel or cargo sought to be charged is found, the United States cannot be impleaded by respondent in a suit in admiralty, except in a district where it might be sued.

**2. United States ⚖=125—May be impleaded in admiralty under rule 56.**

The United States may be impleaded under admiralty rule 56, where it would be subject to original suit on the facts alleged, under suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a).

In Admiralty. Suit by Frederick M. Freeman, as master and on behalf of the crew of the tug Butterfield, against Armour & Co., with the United States impleaded. On exceptions to petition impleading United States as owner of the Cotati. Sustained in part.

Macklin, Brown & Van Wyck, of New York City, for libelant.

Barry, Wainwright, Thacher & Symmers, of New York City, for respondent.

William Hayward, U. S. Atty., and Frederick A. Whitney, Asst. U. S. Atty., both of New York City, for the United States.

AUGUSTUS N. HAND, District Judge. This libel was filed to recover for salvage services rendered to a cargo of frozen meat in going to the rescue of and towing to a safe port a disabled vessel in which the cargo was being carried. Armour & Co., the owners of the cargo, have impleaded the United States upon the ground that, if any salvage services were rendered, they were made necessary by reason of the unseaworthiness of the steamship, which was a merchant vessel of the United States, and the failure of the latter properly to man, equip, and supply her.

The United States excepts to the petition of Armour & Co., impleading the United States, on two grounds: (1) That the petition does not allege that the petitioner resides or has its principal place of business within this district, or that the steamship was within this district at the time the petition was filed; (2) that the United States cannot be impleaded and brought into court under the fifty-sixth rule in admiralty.

[1] Section 2 of chapter 95 of the Suits in Admiralty Act passed March 9, 1920 (Comp. St. Ann. Supp. 1923, § 1251¼a), provides that:

"Such suits shall be brought in the District Court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found."

There is no allegation in the intervening petition that the jurisdictional facts exist, and the first exception to the libel must therefore be sustained.

[2] In regard to the second exception, it should be overruled. The statutory provision relating to the bringing of these suits is contained in the earlier part of the section which I have already quoted, and is as follows:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States or against such corporation, as the case may be, provided that such vessel is employed as a merchant vessel or is a tugboat operated by such corporation. * * * In case the United States or such corporation shall file a libel in rem or in personam in any district, a cross-libel in personam may be filed or a set-off claimed against the United States or such corporation with the same force and effect as if the libel had been filed by a private party."

While the government is only subject to suit where statutory authority exists, I see no reason to attach to the word "libel" a meaning narrower than that of a proceeding in the nature of a libel brought in admiralty. It has undoubtedly been the general practice to bring in the United States under the fifty-sixth rule in admiralty, as well as to file a libel against it direct. Judge Ward's opinion in The Peerless, 1923 A. M. C. 236, distinctly approved of

this practice, to which an exception had been taken. His earlier opinion in the case of U. S. v. S. S. Barendrecht et al. (D. C.) 86 F. 386, with cross-libel, under date of January 27, 1922, has no bearing on the question here under consideration. The vessel there was a dredge belonging to the United States and operated by the War Department. She was not a merchant vessel, did not come within the terms of the Suits in Admiralty Act, and all Judge Ward held was that a cross-libel would not lie against the United States, because no statutory authority existed to sue her for torts committed by vessels operated by the War Department.

The first exception is sustained, and the second overruled, with leave to Armour & Co. to file an amended intervening petition within 10 days.

Settle order on notice.