## W. P. TANNER-GROSS & CO., Inc., v. JAMES W. ELWELL & CO.

(District Court, S. D. New York. August, 1924.)

1. United States ⊂=52½, New, vol. 19A Key-No. Series—Emergency Fleet Corporation not liable for contract made as agent for United States.

The Emergency Fleet Corporation is not personally liable on a contract made by it as disclosed agent of the United States.

2. United States ⊂=125—May be impleaded in admiralty under rule 56.

The United States may be impleaded under admiralty rule 56, where it would be subject to original suit on the facts alleged under suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a).

In Admiralty. Suit by W. P. Tanner-Gross & Co., Inc., against James W.

Elwell & Co., with the United States and the United States Shipping Board Emergency Fleet Corporation impleaded. On exceptions by Fleet Corporation and by the United States to respondent's petition. Exceptions of Fleet Corporation sustained, and of the United States overruled.

Neil P. Cullom, of New York City, for libelant.

Loomis & Ruebush, of New York City, for petitioners.

William Hayward, of New York City, for respondents.

BONDY, District Judge. This is a libel to recover damages for the breach of a contract to carry flour from New York to Gibraltar on the steamship Waukau, sailing from New York during the month of June, 1920, according to terms set forth in a bill of lading signed by the respondent. The respondent, James W. Elwell & Co., Inc., filed a petition alleging that, as was known to the libelant, the Waukau was owned by the United States, and that the contract was made by the petitioner, acting solely for the United States and the United States Shipping Board Emergency Fleet Corporation, and asking that the United States and the United States Shipping Board Emergency Fleet Corporation be impleaded.

[1] It appears by the petition and by the copy of the agreement annexed to the petition that the Emergency Fleet Corporation acted in this transaction only as agent of the United States. The United States Shipping Board Emergency Fleet Corporation therefore properly contends that it cannot be held personally liable on a contract made by it as disclosed agent of the United States. See Astoria Marine Iron Works v. United States Shipping Board Emergency Fleet Corp. (D. C.) 1924 A. M. C. 479, 295 F. 415.

[2] The further contention of the United States, that the United States cannot be impleaded, because a petition to implead the United States under the fifty-sixth admiralty rule will not lie under the Suits in Admiralty Act of March 9, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l), and because the petition was not filed within two years after the cause of action arose, cannot be sustained for the reasons well stated in The Cotati, 1924 A. M. C. 149, 2 F.(2d) 394, The Tug Nonpareil, 1924 A. M. C. 312, The Barge Shamrock (Hidalgo Steel Co. v. Moore & McCormack Co.) 1923 A. M. C. 1203, 298 F. 331, and The Peerless, 1923 A. M. C. 236, 2 F.(2d) 395.

The exceptions of the Emergency Fleet Corporation, therefore, are sustained, and those of the United States overruled.