**FORD v. C. E. WILSON & CO., Inc., et al.**

No. 89.

District Court, D. Connecticut.

Nov. 14, 1939.

Day, Berry & Howard, of Hartford, Conn., for plaintiff.

Gross, Hyde & Williams, of Hartford, Conn., for defendants.

HINCKS, District Judge.

This case is now before the court upon the defendants' motion under Rule 39 (a) (2), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, objecting to trial by jury and seeking a determination of such issues, if any, as are triable by jury, and a ruling that the non-jury issues shall be tried first.

The first count alleges that the plaintiff and his assignors sold rose bushes to the defendant Wilson Company, completing deliveries as per contract by January 1938; that the aggregate contract price was $16,044.76 payable under the contract on June 1, 1938, and that no part of the contract price was ever paid. Clearly the first count states a cause of action for breach of contract against the defendant Wilson Company. The first count further alleges that the defendant Bank, to secure loans made by it to Wilson Company, on January 24, 1938, took from Wilson Company assignments, pledges, chattel mortgages, etc., which made it impossible for the Wilson Company to perform and thus caused it to breach its contracts with the plaintiff. In this aspect I assume for present purposes that the first count states a cause of action against the Bank in tort by reason of its interference with the contract between Wilson & Company and the plaintiff.

The second count incorporates the first twenty-one paragraphs of the first count and states some twenty additional paragraphs, the gist of which appears to be that the security which the Bank took from Wilson and the control which it thereafter exercised over the Wilson business was kept secret for over four months with the result that the Bank did deceive, mislead, hinder, delay and defraud the plaintiff by inducing him to extend credit to the Wilson Company and preventing him from sharing in its assets. It is specifically alleged that at this time Wilson Company was insolvent and that its insolvency was known to the Bank, its co-defendant. The second count seeks $20,000 damages, and a decree (a) setting aside the assignments as to the plaintiff and (b) determining that the Bank holds the proceeds of the assigned accounts receivable as trustee for the plaintiff and other creditors of Wilson Company. A receiver is also sought "to receive and disburse the

monies inequitably received and retained by the defendant Bank."

■ I rule that the plaintiff is entitled to a jury trial upon all the issues raised upon the first count. This ruling is obviously required.

The plaintiff contends that the second count states a cause of action at law for fraud.

The plaintiff himself alleges that his contracts were not only entered into but also on his part fully performed in December, 1937, and January, 1938, and that the contract price was not payable until June 1, 1938. That being so, the conduct of the defendants on January 24, 1938 (even though perhaps tantamount to the giving and receiving of a voidable preference) certainly did not constitute an inducing cause of the contracts or of the plaintiff's performance thereof. If actionable fraud is stated in the second count, it must be found in its other allegations.

■ If, as urged, the second count states a case of fraud, it must lie in the allegations that the Bank, when on January 24, 1938, it made an additional loan to Wilson Company and took over as security the Wilson assets and control of its operations, kept these transactions secret,— on the theory that the bank's failure to disclose the resulting situation to plaintiff, as one of Wilson's creditors, was such a false representation as to constitute one of the essential elements of an actionable fraud. See 26 C.J. 1062 to 1073. .

Assuming, as I must for purposes of the pending motion, that in this aspect the second count states a case of actionable fraud, it is wholly clear that each and all of the essential elements entering into such a cause of action involve purely legal issues to which the plaintiff is entitled to a jury trial. That being so, I must rule that the second count in its aspect as a charge of actionable fraud shall be tried to the jury along with the first count.

But how shall the second count be tried in its aspect as an equitable proceeding for the setting aside of fraudulent assignments and for the declaration of a trust? To find a proper answer for this question, it is necessary to take into account the possible eventualities with respect to the litigation of the legal issues, which I will now consider seriatim.

1. Assume that the plaintiff on the first count obtains a verdict against the Bank for the amount which it claims by contract from the Wilson Company. Such a verdict duly embodied in a judgment, plainly, would exhaust the plaintiff's remedies against the Bank. Certainly it would be entitled to no equitable remedies in addition, at least in the absence of a showing that its judgment against the Bank would not be collectible (a possibility that in this case we can lay aside on practical considerations).

2. Assume that the plaintiff on the first count obtains a verdict against the Wilson Company for the full amount of its claim. Here, too, the plaintiff would be entitled to no equitable relief at least in the absence of a showing that a judgment embodying that verdict would not be collectible against Wilson Company.

3. Assume that on the first count there is a verdict for the defendant, Wilson Company. That will dispose of the case. For unless the plaintiff establishes its position as a Wilson Company creditor, it is entitled to no remedy whatsoever on either count or in any aspect of the case.

4. Assume that on the legal issues of the second count there shall be a verdict for the plaintiff against either defendant. A judgment embodying a plaintiff's verdict on the second count would exhaust the plaintiff's remedies on the second count only if it covered the plaintiff's entire contract claim; conceivably under the rule of damages for fraud a plaintiff's verdict on the second count might be substantially less than the plaintiff's contract claim. In that event the plaintiff might be entitled to pursue additional remedies in equity.

5. Assume that on the legal issues of the second count the verdict should be for both defendants, or that the plaintiff should obtain a verdict against Wilson Company only. In that event the plaintiff might be entitled to pursue its equitable remedies. Conceivably, for instance, he might show that he was entitled to equitable relief even though it were found that he had failed to prove a false representation sufficient to support an action at law for fraud. And he might also be entitled to show that a judgment against Wilson alone was not collectible and hence left him free to seek additional equitable remedies.

■ With these possibilities (amongst others) in the offing, and with Rule 18 (b) of the Federal Rules of Civil Procedure in mind, I rule that all issues which

are common to the legal causes of action (in either count) and to the equitable cause stated in the second count shall be tried together, the legal issues, of course, to the jury and the equitable issues to the court; and that all equitable issues which do not pertain to the legal causes shall be tried to the court immediately following the jury trial.

This ruling will have practical application as follows: On the day of trial (November 20, 1939) the parties will proceed precisely as though trying to the jury both the first count and the second count viewed as charging actionable fraud, and the rulings on the evidence will be made as though no other issues were before the court. The court, however, will accept all evidence which is received in the jury trial for any proper bearing it may have upon the second count viewed as a cause of action in equity. After the jury has been charged and has retired to deliberate, the court will proceed to hear additional evidence on the equitable cause stated in the second count. There will be neither need nor permission to reiterate evidence already received in the jury trial; but any evidence theretofore offered and excluded in the jury trial may again be offered for its bearing on the second count viewed as a cause of action in equity.

The presiding judge will of course have discretion to await a verdict of the jury before embarking upon a further hearing of evidence on the equitable issues. As we have seen, a verdict against the Bank might make it unnecessary to decide the equitable issues. However, the parties should be in readiness to proceed forthwith when the jury retires. For a defendant's verdict would apparently still leave open equitable issues, and the judge may feel that it is better to take any additional evidence thereon forthwith, while the parties and witnesses are in attendance, rather than to wait for the verdict of the jury.

Under Rule 39(c), the court in trying the equitable cause of action stated in the second count has power to submit to an advisory jury any subsidiary issues of a purely legal nature, if any such there be. I apprehend, however, that if this is to be done the parties are entitled to advance notice to that effect. The matter therefore requires a present ruling; the ruling may not in fairness to the parties be deferred until the trial is under way.

I therefore rule now that no issues on the equitable cause of action stated in the second count shall be submitted to an advisory jury. To rule otherwise would open the door to unnecessary confusion; would perhaps require the submission of cumbersome interrogatories to the jury which might otherwise be avoided.

Ordered accordingly.