## MEALY v. FIDELITY NAT. BANK IN NEW YORK et al.

No. 376.

District Court, E. D. New York.

May 6, 1942.

David V. Cahill, of New York City, for plaintiff.

Wingate & Cullen, of New York City, for defendant Fidelity Nat. Bank in New York.

Glass & Lynch, of New York City, for defendant Thomas F. Hanley.

CAMPBELL, District Judge.

This is a motion for an order taking this case from the nonjury calendar and placing it on the jury calendar for trial.

This action was commenced on May 8th, 1939, by filing the complaint herein in the office of the clerk of this court, Rule 3, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and thereafter issue was joined herein, and a trial by jury was not demanded, therefore, the plaintiff, under Rule 38(d) of the Federal Rules of Civil Procedure, waived its right to a jury trial as to the issues then presented in the first and second causes of action.

Changes of attorneys were made by the plaintiff, and the present attorney, who was finally substituted as attorney for the plaintiff, secured permission from the court to file and serve, and did file and serve, the fourth amended complaint. On March 9th, 1942 the last pleading was served, and within ten days thereafter this motion was made.

In that amended complaint as filed and served, the plaintiff added a third cause of action for conversion, which he contends entitles plaintiff to have a jury trial.

By the service of the amended complaint, a new action was not instituted, but the then-existing action was continued with substantially no change in the first and second causes of action, as to which no jury trial had been requested, or demanded.

About two years have elapsed since the action was instituted, and plaintiff has never, during all of that time, offered any reasonable and satisfactory excuse for his failure to demand a jury trial within ten days after the original issue was joined, and he is not now entitled to a jury trial on the first and second causes of action, and furthermore, the first cause of action is properly triable before the court, and not before a jury.

The plaintiff, however, is entitled to a trial by jury of the third cause of action. Two trials, however, will not be necessary, as the court may impanel a jury,

take such evidence as is germane to the third cause of action, submit that cause of action to the jury, then decide the issues of the first and second causes of action or, if necessary, take such additional testimony as may be required on those causes of action, in the absence of the jury. Edward G. Elkins v. Frances Nobel et al., D.C., 1 F.R.D. 357, Moscowitz, Judge, June 24th, 1940.

Under the conditions herein imposed the motion is granted.