RYAN DISTRIBUTING CORPORATION
v. CALEY et al.
Civil Action No. 2730.

District Court, E. D. Pennsylvania.
Jan. 5, 1943.

**378**

George P. Dike, Cedrick W. Porter, and Dike, Calver & Porter, all of Boston, Mass., and Howson & Howson and Kennard N. Ware, all of Philadelphia, Pa., for plaintiff.

William Steell Jackson and William Steell Jackson & Son, all of Philadelphia, Pa., for defendants.

WELSH, District Judge.

This case concerns the right of the defendants to demand a jury trial of the issues raised by the pleadings. Plaintiff seeks a declaratory judgment that the defendants' patent is invalid or not infringed by the plaintiff's product, and an injunction to restrain defendants from bringing or threatening infringement action against the plaintiff and its customers. Defendants filed an answer and counterclaim alleging the plaintiff's infringement of the patent in question, and claiming the right to an accounting and damages therefor. Defendants have demanded a jury trial of the issues raised by the complaint and counterclaim and the answers.

Plaintiff's motion is to strike the demand for a jury trial on the ground that there is no right to trial by jury of some or all of the issues; or in the alternative, that the plaintiff be granted a separate trial by the Court without jury on the declaratory judgment issue, before the trial of the issues raised by the counterclaim.

The motion is based upon the contention that the seventh constitutional amendment guarantees the right of trial by jury only in common law actions (N.L.R.B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893) and such right is not extended in present procedure by Rule 38, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The Declaratory Judgment Act, 28 U.S.C.A. § 400(3), likewise preserves the determination of issues of fact triable by a jury, and Rule 57 relating to declaratory judgments provides for such trials in accordance with Rules 38 and 39. Plaintiff argues that although infringement actions may be brought in law or equity, the present one is equitable in nature, in that it seeks an injunction, and that the right to trial by jury if granted must be limited to the issue of damages as claimed in the counterclaim.

There are several distinct issues presented by the pleadings and in order to determine the right of jury trial as to each, an analysis of the nature of the causes is necessary. Primarily the plaintiff asks the Court for a declaratory judgment to the effect that defendants' patent is invalid, or that it is not infringed upon by the plaintiff's product. Upon the assumption that such judgment will be in his favor, he demands that the defendants be enjoined from instituting or threatening infringement proceedings which he would be entitled to take if the patent were valid and the plaintiff's product were an infringement. Defendants by their answer have joined issue as to the validity of the patent, allege that the plaintiff has infringed, and by counter claim seek to recover at law the damages suffered. Thus it will be seen that the principal issue concerns the validity of the patent and the alleged infringement. The plaintiff, however, demands the additional equitable remedy of injunction, and the defendants assert their legal claim to damages.

■ There can be no doubt of the right of the defendants to have the issue as to damages tried by a jury, nor is there any uncertainty as to the right of the plaintiff to have the injunctive relief passed upon by the Court as an equity matter. The important problem is whether or not the issue as to validity and infringement is, under the circumstances, to be deemed one

in equity and tried by the Court, or one of law and subject to determination by a jury trial.

■■ It has been held that the seventh amendment applies only to suits at common law, and that a distinction must always be drawn between suits at law and in equity in order to determine the right to have the issue tried by a jury. The distinction between law and equity, although abolished by the new rules, is a distinction in procedure and not remedies. What was, before the new rules, an action at law is a jury action and what was a suit in equity is a non-jury action. There are two such statutory remedies for infringement of patent rights. Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37, 38.

■ As to the validity and infringement issue, the plaintiff asserts his claim in the equity form, while the defendants base their rights upon the law. Which form shall be recognized in determining the right to trial by jury? A patent owner ordinarily has his election to sue at law charging infringement and demanding damages, or he may seek an injunction, accounting and damages in equity. The presence or absence of invention and infringement as to patents are questions of fact, and the existence of infringement does not compel the patent holder to protect his rights by the means of his equitable remedy.

■■ In most patent cases the holder is the plaintiff and by his initiation of the suit, he determines its form. If he elects to proceed at law for the preservation of his rights in the patent he has the right to a jury trial; he should not be denied that right by the mere fact that some other person has attacked his property rights in the patent by bringing an equity suit for injunction. There are numerous cases holding that the patent holder has his election as to the form of action and therefore the right to a jury trial. That being so, there appears to be no reason for denying him the same right where he seeks his remedy by an answer and counterclaim in law filed in a suit brought by another.

That somewhat analogous case of Beaunit Mills, Inc., v. Eday Fabric Sales Corp., 2 Cir., 1942, 124 F.2d 563, 565, does not appear to be controlling. There, under like circumstances, the Court dismissed the counterclaim for a judgment declaring the patent valid and infringed, and then "annulled" the jury trial demand on the ground that the complaint did not show any issue entitled to a jury trial. "It is true that on issues of patent infringement a jury trial may be had under a claim for damages only, 35 U.S.C.A. § 67, as distinguished from a claim for injunction and accounting of profits. 35 U.S.C.A. § 70. Here, however, considering the complaint alone, it is framed along equitable lines looking to injunctive relief * * * together with declaratory relief substantially as incidental thereto. This appears to stamp it as presenting equitable issues only."

■■ In the present case we may not consider the complaint alone for there was filed a counterclaim for damages in law and based upon the issue of fact as to the validity and infringement of the patent. Such demand entitles the defendants to a jury trial of the issue as to damages and as an incident thereto the trial of the issue as to validity and infringement upon which the damage claim is founded. The Declaratory Judgment Act does not alter the character of the controversy, and expressly preserves the right to trial by jury under its procedure where such rights otherwise exist. "The procedural remedy afforded by the Declaratory Judgment Act is neither legal nor equitable, however its utilization does not alter or invade the right of trial by jury as at common law." Hargrove v. American Cent. Ins. Co., 10 Cir., 125 F.2d 225, 228.

■ As to the right of the plaintiff to injunctive relief, it is conceded that such issue may not be submitted to the jury. That problem, however, is incidental to and dependent upon the determination of the primary question as to validity and infringement. No separate trial is necessary and the Court can within its equity power grant the equitable remedy upon the testimony produced at the jury trial, or upon such additional inquiry as may seem necessary. There appears to be no legal or procedural obstacle to the trial of a case involving legal and equitable remedies. The legal issues may be submitted to the jury with proper instructions and the equity problem reserved for the consideration of the Court without conflict or prejudice to the rights of the parties. Columbia River Packers' Ass'n, Inc., v. Hinton, D.C., 34 F.Supp. 970, 978; Ford v. C. E. Wilson & Co., D.C., 30 F.Supp. 163; Elkins v. Nobel, D.C., 1 F.R.D. 357; Cohen

380

v. Globe Indemnity Co., D.C., 37 F.Supp. 208.

Having concluded that the defendants may not be denied their right to a jury trial of their claim for damages, and that such claim is based upon the validity and infringement of defendants' patent, which they may also have tried in the same manner, the plaintiff's motion to strike the jury trial demand is denied. Upon the trial, however, the question of the plaintiff's right to injunctive relief shall be reserved for the determination of the Court.