HALL v. KISH et al.

Civ. No. 27906.

United States District Court

N. D. Ohio, E. D.

Feb. 27, 1951.

damage counterclaim. Since they have not done so, this action calls only for exercise of this court's equitable powers and should be tried by the court.

The motion will be.granted.

A. L. Ely, Albert L. Ely, Jr., and Ely & Frye, all of Cleveland, Ohio, for plaintiff.

John Ruffalo, John Ruffalo, Jr., Youngstown, Ohio, for defendant.

JONES, Chief Judge.

In this action plaintiff seeks a judgment declaring (1) that defendants' patent is not infringed by articles manufactured and sold by plaintiff, (2) that said patent is invalid and void, and asking certain injunctive relief.

Defendants in their answer merely deny the allegations made in the complaint, and ask only that the complaint be dismissed.

Defendants, however, have filed a demand for jury trial, and plaintiff moves to strike this demand.

Even though this is a declaratory judgment action, defendants are entitled to a jury trial if such is provided for in Rules 38 and 39. Fed.Rules Civ.Proc. rule 57, 28 U.S.C.A. However, it is quite clear that a party may demand a jury trial in accordance with Rules 38 and 39, only if the action before enactment of these rules was triable to a jury. Equitable actions are still tried by the court. Ryan Distributing Corp. v. Caley, D.C., 51 F.Supp. 377.

This action as developed by plaintiff has all the earmarks of an equitable action and is not triable to a jury. Beaunit Mills, Inc., v. Eday Fabrics Sales Corp., 2 Cir., 124 F. 2d 563; Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37. If defendants had counterclaimed for damages pursuant to 35 U.S.C.A. § 67, they would be entitled to a jury trial of all issues involved in the