### DICKENS v. JACKSON et al.
### Civil No. 7756.

District Court, E. D. New York.
May 15, 1947.

Francis J. Hughes, of Brooklyn, N. Y., for plaintiff.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant U.S.A.

BYERS, District Judge.

This is a motion by the defendant United States of America, in a negligence case, to dismiss as against Frank W. Jackson, also named as a defendant (who was driving the truck owned and operated by the former which is said to have caused the plaintiff's injury), on the ground that jurisdiction does not pertain since he is a resident of New York State, as is the plaintiff; and that the Federal Tort Claims Act, 28 U.S. C.A. § 921 et seq., "does not allow an individual defendant to be joined with the United States of America as a party defendant".

The motion is supported by an affidavit by Jackson as to his permanent residence in this State, but is not made by him or by his attorney, and apparently he has not appeared in the action.

The Government is thus somewhat adroitly presenting on behalf of Jackson that which he could be expected to assert for himself, which means that the motion is not the entirely disinterested effort that it might seem to be.

Jackson could not even have been brought into the case as a third party defendant, at the instance of the Government, had the latter alone been named as defendant, since contribution among tort-feasors in New York does not arise until a judgment has been recovered. Baltimore & Ohio Railroad Co. v. Saunders et al., 4 Cir., 159 F.2d 481.

There was no assertion, at argument for the plaintiff, that this court would have had jurisdiction over Jackson, had the action been against him only, and indeed it is difficult to understand any practical reason for naming him at all, since it could scarcely be urged that the Government is not financially responsible and able to meet any judgment that the plaintiff may recover—at least within the predictable future.

The motion to dismiss must be granted on the first ground, upon the assumption that the Government can make it, and has made it, on behalf of Jackson, and not on its own account and as a means of obliquely establishing that there can be no liability under the Act on the part of the Government where it is charged to have been a joint tort-feasor.

That subject has been discussed in the interesting opinion of Judge Chestnut in

---

[5] Federal Rules of Criminal Procedure, rule 34, 18 U.S.C.A. following section 687.

Englehardt v. United States et al., D.C., 69 F.Supp. 451, and in 35 Georgetown Law Journal, p. 1, and 56 Yale Law Journal 534 at 554 et seq.

It is unnecessary to reach that point in the disposition of this motion, and it is therefore reserved for decision until the appropriate occasion arises.

Motion granted. Settle order.