### DRUMMOND v. UNITED STATES et al.
### Civil Action No. 757.

District Court, E. D. Virginia,
Norfolk Division.
July 16, 1948.

Walter E. Hoffman of Breeden & Hoffman, all of Norfolk, Va., for plaintiff.

John P. Harper, Asst. U. S. Atty., of Norfolk, Va. (George R. Humrickhouse, U. S. Atty., of Richmond, Va., of counsel) for the United States.

BRYAN, District Judge.

The United States moves to dismiss this action brought under the Federal Tort Claims Act, Public Law 601, 79th Congress, C. 753, 2nd Session, approved August 2, 1946, 28 U.S.C.A. § 921 et seq., upon the ground that other persons, alleged as joint tortfeasors, have been made parties defendant with the United States.

Thus is squarely presented the question whether the Act permits a plaintiff in such an action to join a co-defendant with the United States without the latter's consent. The Court holds that it does not.

Nowhere in the statute does the Congress manifest an intent to allow the claimant to embroil the United States in litigation involving the interests and defenses of other party defendants.

I. Its legislative history records just the contrary.

The Committee on the Judiciary of the House of Representatives in its Report, No. 1287, dated November 26, 1945, at the 79th Congress, 1st Session, recommended the passage of H.R. 187 allowing tort actions against the United States and containing almost the identical provisions which later became law as the Federal Tort Claims Act. On p. 5 the Report states:

"It is intended that the district courts in exercising jurisdiction under this title shall exercise essentially the same type of jurisdiction as districts courts exercise concurrently with the Court of Claims of the United States under the Tucker Act (act of March 3, 1887, 24 Stat. 505, 28 U.S.C. sec. 41(20) [28 U.S.C.A. § 41(20)]. *The bill therefore does not permit any person to be joined as a defendant with the United States* and does not lift the immunity of the United States from tort actions except as jurisdiction is specifically conferred upon the district courts by this bill. (See United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Lynn v. United States, 5 Cir., 1940, 110 F.2d 586; Waite v. United States, (1922), 57 Ct.Cl. 546; Jackson v. United States, (1891), 27 Ct.Cl. 74, 84. *The phrase 'as a court of claims' in section 301 of the Senate bill was deleted as surplusage."* (Italics applied in the text)

The Act was meant to transfer from the appropriate congressional committees to the courts the adjudication of tort claims against the Government. The committees had before them only the United States as the defendant; the courts were given no fuller field of parties.

II. The Act's terms imply no right of joinder against the Government's will. In sec. 410, 28 U.S.C.A. § 931, the clause "under circumstances where the United States, if a private person" and the phrase "under like circumstances" refer to jurisdiction of the claim and liability for the claim, and not to the susceptibility of a private person or individual to be made a several or joint co-defendant, or indeed to the many other incidents of litigation to which a citizen-defendant may be subjected.

As appears from the congressional report and from the terms of section 411, 28 U.S.C.A. § 932, the Act is tied tightly to the Tucker Act, 28 U.S.C.A. § 41(20), and to the Court of Claims acts, 28 U.S.C.A. § 250(1) et seq., both of which have been held to exclude joinder. Vide: United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 771, 85 L.Ed. 1058, discussed later. Highly significant in its construction is the express incorporation by the Tort Claims Act, in sec. 411, of specific sections of the statutes governing the proceedings in the Court of Claims and the proceedings under the Tucker Act. Examination of each of these sections will reveal that the adoption of the substantive law and of the procedure of the Court of Claims is far more comprehensive, and the parallel is much closer, than the subject-references in sec. 411.

The Congress has thus emphatically analogized the jurisdiction under the Tort Claims Act with that in the Court of Claims and under the Tucker Act.

On the other hand, its reference to the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, would seem of no especial importance, because they would doubtlessly have applied without mention, just as they did to the Tucker Act procedure, United States v. Sherwood, supra. But nothing in them "authorizes the maintenance of any suit against the United States to which it has not otherwise consented." So the Rules could not give the right of joinder under the Federal Tort Claims Act, as that would be creating a suit to which the United States has not consented. United States v. Sherwood, supra.

The Sherwood Case did not reject joinder of defendants under the Tucker Act solely because of the law's limiting phrase of "concurrent with the Court of Claims" in vesting jurisdiction in the District courts. A secondary but nevertheless important reason of the decision was "the embarrassments which would attend the defense of suits" in which the rights and liabilities of other defendants were also to be fixed. Surely that reasoning is equally cogent to deny joinder of defendants under the Federal Tort Claims Act.

For the joinder it is argued that it would give jurisdiction for the play of the doctrine of contribution. The short answer is that the United States has not consented in the Act to be subjected to contribution, whether or not the laws of the particular State allow it. Save in admiralty, contribution, unlike subrogation, is not part of the original claim or tort. It is an adjustment between defendants, independent and separate from the plaintiff's claim, and rooting from principles of equity, not from the principles of tort-liability. The Act does not empower the courts to enforce, nor does the Government waive its immunity to, a suit grounded on so different a theory of liability.

For the same reason the United States could not be impleaded as a defendant under the third party practice to enforce contribution. Whether the United States, with its unlimited right to sue a citizen (a right which is not reciprocal) could implead another as a co-defendant in such an action presents a different question not required to be answered here.

The availability of separate trials for the several defendants does not warrant a construction of the statute to allow defendant-joinder, because under that practice the joinder would be used only to effect contribution, and contribution, we believe, is not a justiciable issue in such an action.

When the provision for review is considered, the exclusion of joinder under the statute becomes obvious. Section 412, 28 U.S.C.A. § 933, provides for appeal of the District court's judgment to the Circuit Court of Appeals or to the Court of Claims. For recourse to the latter all

732

the *appellees* must consent. There will be but one final judgment even if joinder is permitted. It may be entered both on a jury's verdict as to the individual defendants and on the court's finding in respect to the United States. The Court of Claims, if its review were sought, would then be passing upon a jury case, a function foreign to its character. Moreover, the Court of Claims would thus have before it a claim by one individual against another, which equally demonstrates that the Act never envisaged a defendant other than the United States. To magnify the anomaly, suppose the United States did not appeal, or was successful in the lower court while the other defendants were not, and thus put before the Court of Claims only private litigants. Again, if the defendants may be plural, who is to decide to which court their appeal shall be taken against an adverse judgment, if they cannot agree, and the appellees consent to either court?

Joinder in admiralty suits does not argue a similar right under the Federal Tort Claims Act. The practice of joinder of defendants in suits against the United States in admiralty is a matter of right under the Public Vessels Act of 1925, 46 U.S.C.A. § 781, which provides that the United States may be impleaded into a pending suit by petition. Under the original Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., the practice is allowed either by virtue of what is now Admiralty Rule 53 of the Supreme Court, 28 U.S.C.A. following section 723, relating to limitation of liability, a statutory right which does not subject the United States to joint liability, or because the Act authorizes the libelant to proceed "in accordance with the principles of libels in rem," although the suit was in personam, and those principles connote a joinder of all parties in interest. So the joinder in admiralty is expressly authorized by statute.

Many other situations, equally insurmountable, are foreseeable to make it plain now that joinder of defendants by the plaintiff was never intended by the Congress.

Contracts as frequently as do torts embrace more than two parties, and no reason is seen why the Congress should be charged with the intention of submitting the United States to suit along with other persons in tort cases, when it would not do so in contract litigation. United States v. Sherwood, supra. What Justice Stone said in that case, as to joinder in contract suits, is pertinent to tort actions, mutatis mutandis:

"The Government's consent to litigate such issues [rights of other defendants] is hardly to be inferred from its consent to be sued upon a claim for damages for breach of contract." 312 U.S. at page 592, 61 S.Ct. at page 772, 85 L.Ed. 1058.

With deference the Court disagrees with Englehardt v. United States, D.C., 69 F. Supp. 451.

The position of the United States is well taken, but in lieu of dismissing the action the Court will order that all the defendants, save the Government, be dropped.