87 F.Supp. 94 (1949)
STRADLEY
v.
CAPITAL TRANSIT CO. (UNITED STATES, Third-party Defendant).
Civ. A. No. 2521-49.
United States District Court District of Columbia.
October 26, 1949.
George D. Horning, Jr., and Frank F. Roberson, Washington, D. C., Attorneys for defendant and third-party plaintiff.
George Morris Fay, U. S. Atty., Ross O'Donoghue, Asst. U. S. Atty., and Stafford R. Grady, Asst. U. S. Atty., Washington, D. C., attorneys for third-party defendant.
PINE, District Judge.
This case presents the question whether the United States may be made a third-party defendant for the purpose of contribution under the Federal Tort Claims Act, now incorporated in Title 28 U.S.C.A. §§ 1346, 2671 et seq.
Plaintiff instituted an action against the Capital Transit Co., Inc., alleging that he was a passenger on one of its street cars which collided with a "vehicle," and that the collision was caused by the negligence of defendant's employee. Defendant moved for leave to make the United States a party to the action. The motion was granted, and a third-party complaint was filed, alleging that the street car came into collision with a United States Army truck operated by a soldier in the course of his employment, and that the sole or contributing cause of *95 the collision was the negligent operation of the truck, and demanding judgment for contribution. The United States has moved to dismiss the third-party complaint on the ground that it fails to state a cause of action upon which relief may be granted.
Section 1346(b), Title 28 U.S.C.A., gives the District Courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Section 2674, Title 28 U.S.C.A., provides that "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."
Over fifty years ago, in Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 86, 39 L.Ed. 108, 110, the Supreme Court had under consideration a case involving the jurisdiction of the Court of Claims, and in the first paragraph of its opinion, made the following pertinent observation: "The United States cannot be sued in their courts without their consent, and in granting such consent Congress has an absolute discretion to specify the cases and contingencies in which the liability of the government is submitted to the courts for judicial determination. Beyond the letter of such consent the courts may not go, no matter how beneficial they may deem, or in fact might be, their possession of a larger jurisdiction over the liabilities of the government." This view was reiterated in 1927 in Eastern Transportation Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472, in the following language: "The sovereignty of the United States raises a presumption against its suability, unless it is clearly shown; nor should a court enlarge its liability to suit beyond what the language requires." Again in 1931, in United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 285, 75 L.Ed. 598, in construing an Act permitting suits against the United States to recover Internal Revenue taxes, the Court held that it was "well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued." Expressions of the Supreme Court to the same effect may be multiplied,[1] and they are controlling upon me.
Applying this rule of construction to the present case, I find nothing within the letter of the statute constituting a waiver of immunity in respect of claims against the United States for contribution in actions in tort. Such a claim is not one for "money damages, for * * * personal injury or death", which is the language of the statute. It is a claim, equitable in character, for payment of a proportionate part of the claimant's liability for damages to a third person. As stated by Chief Justice Groner in George's Radio, Inc., v. Capital Transit Co., 75 U.S.App. D.C. 187, 189, 126 F.2d 219, 221, the reason for that court's change of view allowing contribution "in the main hinges on the doctrine that general principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the other, gives the latter an advantage to which he is not equitably entitled." Or, as set forth by Judge Bryan, in Drummond v. United States, D.C.E.D.Va. 78 F.Supp. 730, 731, contribution, except in admiralty, "is not part of the original claim or tort", but is "an adjustment between defendants, independent and separate from the plaintiff's claim, and rooting from principles of equity, not from the principles of tort-liability." Support for the view herein expressed is *96 also found in those cases holding that the United States may not be joined with another as a party defendant in an action under the statute here involved.[2] True it is, there is diversity of opinion among the Federal District Courts, on the question of joinder of the United States as a codefendant,[3] but none of those cases upholding such jurisdiction has expressly sanctioned the impleading of the United States as a third-party defendant solely for contribution. I am of opinion that it cannot be done under present statutory restrictions, and accordingly the motion to dismiss will be granted.
Counsel will submit order in accordance herewith.
NOTES
[1] E.g. Klamath Indians v. United States, 1935, 296 U.S. 244, 250, 56 S.Ct. 212, 80 L.Ed. 202; United States v. Shaw, 1940, 309 U.S. 495, 502, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Sherwood, 1941, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058.
[2] Sappington v. Prencipe, D.C., 87 F. Supp. 357; Uarte v. United States, D.C. Cal.1948, 7 F.R.D. 705; Drummond v. United States, D.C.Va.1948, 78 F.Supp. 730; Donovan v. McKenna, D.C.Mass. 1948, 80 F.Supp. 690.
[3] Englehardt v. United States, D.C.Md. 1947, 69 F.Supp. 451; Dickens v. Jackson, D.C.E.D.N.Y.1947, 71 F.Supp. 753; Bullock v. United States, D.C.N.J.1947, 72 F.Supp. 445.