**SAPPINGTON v. BARRETT et al.**

**BARRETT et al: v. SAPPINGTON et al.**

Nos. 10283, 10346.

United States Court of Appeals
District of Columbia Circuit

Argued March 6, 1950.

Decided April 14, 1950.

Mr. Robert J. Hawkins, Washington, D. C., with whom Mr. Paul M. Rhodes, Washington, D. C., was on the brief, for appellant and cross-appellee Gertrude B. Sappington.

Mr. Richard W. Galiher, Washington, D. C., with whom Mr. William E. Stewart, Jr., Washington, D. C., was on the brief, for appellees and cross-appellants Evelyn T. Barrett and Elwood F. Barrett.

Mr. Joseph F. Goetten, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, for the appellee United States of America. Mr. L. Clark Ewing, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee United States of America.

Before WILBUR K. MILLER, PROCTOR, and WASHINGTON, Circuit Judges.

PER CURIAM.

The plaintiff, Mrs. Sappington, sued Mr. and Mrs. Barrett in the District Court, for personal injuries allegedly received through their negligence. Later, plaintiff moved to join the United States as a defendant, by reason of the alleged negligence of a member of the United States Park Police, whose motorcycle inflicted the actual injuries which the plaintiff suffered. She relied on the Federal Tort Claims Act of August 2, 1946, as amended, 28 U.S.C. §§ 1346 (b), 2671 *et seq.*[1] The motion was granted, and the case proceeded to trial against the United States and the private defendants, before the court sitting without a jury.

After hearing the evidence, the trial judge dismissed the cause "as to all parties on the ground that the court is without jurisdiction." He explained this order in an opinion in which he concluded that "if the court had no jurisdiction of the action at the time of trial, the court acquired none. The only possible determination is that the action be dismissed as to all parties." Sappington v. Principe, D.C., 87 F.Supp. 357, 359.

1. 28 U.S.C.A. §§ 1346 (b), 2671 et seq.

■ We believe that the trial court was correct in holding that jurisdiction was lacking over the United States. The reasons for our conclusion in this regard, which will be set forth in full in an opinion to be published at a later date,[2] are in line with those expressed in Uarte v. United States, D.C., 7 F.R.D. 705, and Drummond v. United States, D.C., 78 F.Supp. 730. We may note that Public Law 55, 81st Congress, approved April 25, 1949, extends in important respects the time within which suit may be brought against the United States under the Federal Tort Claims Act. See 28 U.S.C. § 2401(b), as amended.[3] Our dismissal as against the United States is without prejudice to any privilege the plaintiff may have, under the amended statute and within the time limits there set, to commence a new action against the United States.

■ We cannot agree with the conclusion of the trial court regarding the private defendants. It will be recalled that the suit was commenced against Mr. and Mrs. Barrett, and nothing has been shown to indicate that the court was not at that time fully possessed of jurisdiction. The subsequent erroneous joinder of the United States as a party defendant could not defeat the jurisdiction previously acquired. Accordingly, we must reverse the judgment with regard to the Barretts. Our reversal is based solely on the ground that the trial court had jurisdiction over the Barretts; we go no further in our holding. Under the circumstances, we regard the question of what further proceedings may be appropriate in respect of the Barretts as one for the consideration of the District Court, on proper motion.

The cause will be remanded to the District Court for appropriate proceedings not inconsistent with this opinion.

Affirmed with regard to the United States; reversed as to the remaining defendants, and remanded.

2. The reference is to the opinion in Capital Transit Co. v. United States, — U.S. — App.D.C. —, — F.2d —, issued June 5, 1950 (Court's Note).

3. 28 U.S.C.A. § 2401 (b).