**HOWEY et al. v. YELLOW CAB CO. (UNITED STATES, third-party defendant, appellant).**

**GUTMANN et al. v. YELLOW CAB CO. (UNITED STATES, third-party defendant, appellant).**

**Nos. 9966, 9967.**

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1949.

Decided April 27, 1950.

Walter A. Gay, Jr., Philadelphia, Pa. (Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., on the brief), for appellant.

James J. Leyden, Philadelphia, Pa. (Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., of counsel, on the brief), for Yellow Cab Co.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

There are two appeals at bar. They can be disposed of appropriately in one opinion. Two suits were brought in the court below because the Gutmanns and the Howeys, the original plaintiffs, riding together as passengers, were injured in a collision which took place in Philadelphia on December 1, 1946 between a taxicab operated by Yellow Cab Company, the original defendant and the third-party plaintiff, and a mail truck operated by an employee of the United States, the third-party defendant. The Gutmanns and the Howeys sued Yellow Cab Company in the two suits referred to, jurisdiction being based on di-

versity and requisite amount. Thereafter, Yellow Cab filed a third-party complaint in each suit seeking to enforce contribution from the United States.[1] See Rule 14(a), Federal Rules of Civil Procedure, 28 U.S. C.A.

The United States, as third-party defendant, filed a motion to dismiss each suit on the ground that the Federal Tort Claims Act[2] "does not authorize the maintenance of suits upon derivative claims." These motions were denied and the United States then filed answers. The cases were consolidated for trial and evidence was presented by the plaintiffs, the original defendant and by the third-party defendant. The court below found Yellow Cab Company and the United States both guilty of negligence,[3] gave judgments against Yellow Cab in favor of the Gutmanns in the amount of $5,800, in favor of the Howeys in the sum of $2,000, and ordered one-half of the respective amounts to be paid by the United States by way of contribution. The United States then moved to set aside the verdicts on the same ground theretofore asserted, viz., that the F.T.C.A. did not authorize "derivative" suits against the United States. The District Court decided that the third-party actions could be maintained[4] and overruled the motions. The United States has appealed.

The United States in its briefs and argument in this court has treated the questions involved as if they were those only of joinder, i. e., as if the issue were: Does the F.T.C.A. permit the United States to be joined with Yellow Cab Company as a party defendant? In the court below, however, at least by way of pleading, emphasis seems to have been laid by the United States on the question as to whether actions for contribution, such as those asserted here against the United States, can be maintained under the applicable Pennsylvania statute, 12 P.S.Pa. § 2081. We will discuss the cases in the first instance as if the primary issue were one of joinder and then endeavor to dispose of the questions presented by the pending actions treating them as, what they in reality are, suits for contribution.

The primary question on the joinder phase of the appeals can be phrased as follows: Did the F.T.C.A. authorize joinder of the United States with another party-defendant or did the Act only authorize suits brought against the United States as the sole or single defendant? Carefully balancing the language of the statute some courts have held that the United States may be joined with another defendant or defendants. See for example Englehardt v. United States, D.Md., 69 F.Supp. 451. Subrogation against the United States also has been permitted. See United States v. Aetna Surety Co., 338 U.S. 366, 70 S.Ct. 207, referred to hereinafter, and the pertinent cases cited therein. Other courts have taken the view that the F.T.C.A. authorized suits against the United States only when it was the sole defendant, basing their conclusions in large part on legislative history. See Drummond v. United States, E. D.Va., 78 F.Supp. 730 and Uarte v. United States, S.D.Cal., 7 F.R.D. 705.[5]

At the time of the occurrence of the accident the provisions of revised Title 28 United States Code Annotated, were not in effect, the effective date of revised title being September 1, 1948. See Section 38 of the Act of June 25, 1948, c. 646, 62 Stat. 992, 28 U.S.C.A. note preceding section 1. The complaint was filed in the Gut-

1. In the third-party complaints Yellow Cab demands judgment against the United States "for all sums that may be adjudged against defendant, Yellow Cab Company, in favor of plaintiffs * * *".

2. 28 U.S.C. (1946 Ed.) §§ 921–946. Most of the provisions of what was the F. T. C. A. are now sown throughout revised Title 28. See "Table 1", an addendum to revised Title 28 United States Code, "Judiciary and Judicial Procedure", 28 U.S.C.A., as appears.

3. The opinion was not reported for publication.

4. The opinion was not reported for publication.

5. On this general subject see the note and the collection of authorities therein, 1 A.L.R.2d 222, 230, 239 et seq. See also 35 Georgetown Law Journal, 1; 56 Yale Law Review, 534 at 554 et seq. and 62 Harvard Law Review, 321 et seq.

mann case (Civil Action No. 7715 in the court below) on September 9, 1947, and in the Howey case (Civil Action No. 7859 in the court below) on October 27, 1947. Judgments were entered in both cases in the court below on January 4, 1949, the adjudications therefore being made after the effective date of revised Title 28. Section 39 of the Act of June 25, 1948, 28 U.S. C.A. note preceding section 1, provides that "The sections or parts * * * of * * * [the] Statutes at Large enumerated in the following schedule are hereby repealed. Any rights or liabilities now existing under such sections or parts thereof shall not be affected by this repeal." It appears that the F.T.C.A., as amended, was repealed by the Act of June 25, 1948. See the schedule referred to in Section 39, 62 Stat. 1008. It would follow that if a loss of rights would occur if the provisions of revised Title 28 were to be applied, the provisions of the F.T.C.A. as they existed prior to the effective date of the revised title must be deemed to be governing. See note 6 cited to the text in Hoiness v. United States, 335 U.S. 297, 301, 69 S.Ct. 70. In United States v. Aetna Surety Co., 338 U.S. at page 370, 70 S.Ct. 207, 210, at note 5 cited to the text of Mr. Chief Justice Vinson's opinion, reference is made to what may be regarded properly as the key section of the F.T.C.A., viz., Section 410(a), Section 931 of Title 28 U.S.C. (1946 Ed.), and it is stated that "This section is now divided and, with immaterial changes, appears in [revised Title] 28 U.S.C., §§ 1346(b) and 2674, 28 U.S.C.A. §§ 1346(b), 2674."

In the cited case the Supreme Court was considering the effect of R.S. § 3477, the "anti-assignment" statute, 31 U.S.C.A. § 203, and held that an insurance company could bring an action under the F.T.C.A. in its own name against the United States upon a claim to which it had become subrogated by payment to an insured who would have been able to bring such an action. The issue with which we are concerned in the instant case was not precisely in focus in the Aetna Surety Co. decision. We state this because it seems to us possible that the language of Section 1346(b) of revised Title 28 United States Code Annotated, may be somewhat narrower in effect than the pertinent portion of Section 410(a) of the F.T.C.A. 28 U.S.C. (1946 Ed.) § 931(a). We need not determine this question, however, for it is clear that the rights of the parties accrued before September 1, 1948, and, if the language of Section 1346(b) of revised Title 28 be narrower in scope, the instant cases must be determined under the F.T.C.A. as it existed prior to the date last stated. On the other hand if the words of Section 1346(b) do not effect any limitation of the rights of the parties we need not consider them here for it is clear that they work no enlargement. Moreover, the F.T.C.A. as it existed prior to September 1, 1948, must be deemed to give the true congressional intent in respect to the rights of parties under the F.T.C.A. prior to the effective date of revised Title 28. We therefore shall consider the law as it existed prior to revised Title 28 and thus decide the instant cases.

The proponents of the United States as the sole or single party point out that Section 410(a)[6] of the F.T.C.A., now 28 U.S. C.A. §§ 1346(b), 2402, and 2674, conferred exclusive jurisdiction upon United States

6. Section 410(a) was as follows: "Subject to the provisions of this title, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the United States district courts for the Territories and possessions of the United States, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance wtih the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims,

district courts "sitting without a jury" to hear and determine claims "on account of personal injury" caused by the negligent act of an employee of the Government, and that this presupposes a trial with the United States as the sole defendant since the Seventh Amendment requires, unless waived, a jury trial for any other defendant. The proponents of the theory that the United States may be joined as a defendant argue that because Section 410(a) provided that the Government should be liable "under circumstances where the United States, if a private person, would be liable to the claimant for such damage * * * in accordance with the law of the place where the act * * * occurred" and also that " *. *. * the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances * * *", Congress had made the rights and liabilities of the United States equivalent to those of a private litigant and such a waiver of immunity by the sovereign permits its joinder. In modern practice juries very frequently are waived in trials in United States district courts. Had a jury been insisted on by the private defendant in the instant case there was no valid reason why the trial judge and the jury respectively should not have determined the liability of the United States and that of the private defendant. Cf. Elkins v. Nobel, E.D.N.Y., 1 F.R.D. 357.

The United States asserts that since Section 410(b) of the F.T.C.A., now 28 U.S.C.A. § 2676, provided that a judgment against the United States in a Section 410(a) action should constitute a complete bar to any suit brought by the claimant against the employee of the Government whose negligence gave rise to the claim, the negligent government employee could not have been joined as a third-party defendant with the United States as a third-party defendant. Cf. Dickens v. Jackson, E.D.N.Y., 71 F.Supp. 753. But this contention carries little weight respecting joinder or non-joinder of the United States though as a practical matter it has served to eliminate government employees as defendants in most suits.

In some of the cases deciding in favor of non-joinder much is made of the fact that Section 412 of the F.T.C.A., now 28 U.S.C.A. §§ 1291, 1504, 2110, provided an alternative appeal from a judgment of a United States district court either to the appropriate court of appeals or to the Court of Claims of the United States. Section 412 provided, if the appeal was to the Court of Claims, that the notice of appeal, required by Rule 73, F.R.C.P., should have endorsed upon it the written consent of all the appellees to the appeal as taken. Putting aside questions as to the power of Congress to have provided for an appeal from an Article III court to an Article IV court or to have conferred upon the Court of Claims of the United States in the terms of Section 412 " * * * the same powers and duties [respecting appeals] as those conferred on a * * * court of appeals", it can be cogently argued that since the United States can be the only defendant in a suit in the Court of Claims, it must have been the congressional intent that the United States should be the sole appellant or the sole appellee in a suit arising under the F.T.C.A. for otherwise the Court of Claims might have been compelled to deal with the rights and obligations of the United States as a defendant in conjunction with those of other defendants, a course theretofore prohibited to it. This argument has weight.[7] Cf. §§ 1504 and 2106 of revised Title 28 United States Code Annotated.

Section 420 provided a period of one year for bringing suit on account of per-

---

to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages. * * * Costs shall be allowed in all courts to the suc-

cessful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorneys' fees."

7. No serious question of constitutionality can arise in the setting of the cases at bar. Cf. National Mut. Ins. Co, of Dist.

sonal injuries. Cf. 28 U.S.C.A. § 2401(b), as amended. Many of the statutes of limitations of the States governing suits for personal injuries are of longer duration. In Pennsylvania the limitation upon suits for personal injuries is two years. See 12 P.S.Pa. § 34. It can be argued therefore that Congress did not intend to permit joinder because a private defendant might be kept in the suit while the United States was eliminated. Such a result would be somewhat anomalous but as was pointed out by Judge Yankwich in 9 F.R.D. 143, at pp. 153–154, the F.T.C.A. was a statute of *creation*.

Section 422, now 28 U.S.C.A. § 2678, provided for the payment of attorney's fees by the United States in the cases of successful litigants and prescribed criminal penalties for any attorney whose compensation exceeded 20% of the sum recovered under the F.T.C.A. It is said that joinder of the United States with a private defendant would have rendered such a provision inoperable. This position is untenable.

There are other considerations advanced by Yellow Cab or in the decided cases, which require discussion. Section 411, now repealed in pertinent part,[8] provided expressly that the practice and procedure under the F.T.C.A. should be in accordance with the Federal Rules of Civil Procedure. This was a shotgun proviso, however, and though it is urged, as is the fact, that Rule 20(a) authorizes joinder, we cannot find this very persuasive.

A cogent argument in favor of joinder, however, lies in the fact that while Section 421, now 28 U.S.C.A. § 2680, set out twelve exemptions from the operation of the F.T.C.A., not one of them prohibited joinder or made any reference to subrogation or contribution. Cf. Old Colony Ins. Co. v. United States, 6 Cir., 168 F.2d 931.

Though the legislative history of the F.T.C.A. is inconclusive, it will be observed that the report of the Committee on the Judiciary of the House of Representatives dated November 26, 1945, H.Rept. 1287, 79th Cong., 1st Sess., accompanying H.R. 181, entitled "Tort Claims Against the United States", stated respecting Section 301 of that bill, substantially the equivalent in language of Section 410 of the F.T.C.A., that "It is intended that the district courts in exercising jurisdiction * * * shall exercise essentially the same type of jurisdiction as district courts exercise concurrently with the Court of Claims of the United States under the Tucker Act. * * * The bill therefore does not permit any person to be joined as a defendant with the United States * * *." It should be noted that S.Rept. 1400, the report of the Special Committee on the Reorganization of Congress, accompanying S. 2177, 79th Cong. 2d Sess. which became Public Law No. 601, the Legislative Reorganization Act, Title IV of which is the F.T.C.A., contained no such statement. It may be argued with some plausibility, therefore, that the earlier intention of the members of the Judiciary Committee of the House of Representatives to eliminate joinder of the United States was not insisted upon. In referring to the Federal Tort Claims title of S. 2177, S. Rept. 1400 stated that this title was almost identical with that which was incorporated in H.R. 181, with the exception that the $10,000 limitation had been removed. The report said respecting Section 410 of the F.T.C.A., which was the same as Section 301 of H.R. 181: "The trial will be without a jury as is now the case in suits under the Tucker Act. The liability of the United States will be the same as that of a private person under like circumstance, in accordance with the local law, except that no punitive damages and no interest prior to judg-

of Columbia v. Tidewater Co., 337 U.S. 582, 69 S.Ct. 1173. The appeal to the Court of Claims is a permissive one and the cases were brought here and not to the Court of Claims.

8.  See Schedule of Laws Repealed, following Section 39 of the Act of June 25, 1948, revised Title 28 United States Code, "Judiciary and Judicial Procedure," 28 U.S.C.A. as appears. See also S. Rept. 1559, 80th Cong., 2d Sess., accompanying H.R. 3214, in which the view was taken that the provision contained in Section 411 relating to the Federal Rules of Civil Procedure was unnecessary.

ment may be recovered." From the foregoing it may be concluded that it was not the intention of Congress to cause the United States to be treated in a different manner from any private litigant in respect to joinder and that the feature of the Tucker Act, 28 U.S.C.A. § 2402, foremost in the mind of Congress was trial to the court without a jury.[9]

Emphasis may also properly be laid on the practice in admiralty under Section 3 of the Suits in Admiralty Act, 46 U.S.C.A. § 743, where the language employed is very similar to that contained in Section 410(a) of the F.T.C.A.[10]. There is no doubt that the United States can be impleaded by the respondent under Admiralty Rule 56, 28 U.S.C.A. See Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471, and Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534.

■ Upon consideration of all these factors we conclude that the F.T.C.A. must be construed to have authorized suits against the United States not only when the United States was the sole or single defendant but also when the United States was joined with another defendant or defendants.

Though there is room for doubt our conclusion expresses our best judgment in respect to the issue involved. But can contribution be exacted from the United States under the F.T.C.A. in the cases at bar? This is a closely allied question.

■ Contribution is a right arising under the substantive law of the States. The pertinent Pennsylvania statute, as we have said, is the Act of June 24, 1939, P.L. 1075, 12 P.S.Pa. § 2081, which provides that "Contribution shall be enforceable among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary." See Fisher v. Diehl, 156 Pa. Super. 476, 482, 40 A.2d 912, 916, and Kravas v. Great Atlantic & Pacific Tea Co., W.D.Pa., 28 F.Supp. 66. The United States has been found equally guilty with Yellow Cab by the court below. It would follow that if the United States were a private party it would be primarily liable as a joint tort-feasor and contribution could be enforced against it by Yellow Cab under the Pennsylvania statute cited. But could contribution from the sovereign to Yellow Cab fall within the purview of the F.T.

9. The argument of the United States respecting legislative history may be summed up as follows:

The Federal Tort Claims Act was included in Title IV Public Law No. 601, enacted by the 2nd Session of the 79th Congress. H.R. 7236, introduced in the 76th Congress 1st Sess., S. 2221 (passed by the Senate) and H.R. 6463 introduced in the 77th Congress 2nd Sess., S. 1114 in the 78th Congress 1st Sess., and H.R. 181 in the 79th Congress are to some degree progenitors of the present Act. Section 403 of H.R. 6463 read as follows: "If the damage, loss, injury, or death with respect to which a claim is made pursuant to this Act is caused under circumstances creating a legal liability on the part of some person other than an employee of the Government to pay damages therefor, jointly or severally with the United States, the award or judgment against the United States shall be only for the pro rata share of the damages in proportion to the number of parties so jointly or severally liable." Section 403 of S. 1114 contained substantially the same language. The United States points out that when the F. T. C. A. was enacted the language expressly providing for joinder and contribution was omitted. This, it is contended, demonstrates that Congress did not intend that joinder should be made or contribution should be effected.

We do not find this argument persuasive though, of course, it carries some weight. We adhere to the view that if Congress had intended to prohibit joinder it would have done so by express mandate in the statute or by unmistakable legislative history in the reports accompanying the legislation as it was enacted. See the rules for the construction of legislative history as laid down by the Supreme Court of the United States by Mr. Justice Pitney in Duplex Printing Press Co. v. Deering, 254 U.S. 443, 474–477, 41 S.Ct. 172, 65 L.Ed. 349, 16 A.L.R. 196.

10. Section 743 in pertinent part read as follows: "Such suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties. * * *".

C.A.? Did the waiver of immunity by the sovereign go so far? We think that it did.

The provisions of Section 410(a)[11] seem conclusive in this connection for that section conferred exclusive jurisdiction upon the United States district courts to render judgment on any claim against the United States "on account of personal injury * * *." Note that the jurisdiction of the United States district courts was not limited to the adjudication of *claims for damages*. The word "claimant" used in the statute was employed to designate any person who might assert the claim and was *not* limited to one who had sustained damage to his property or injury to his person. In other words a "claimant" in the eye of the statute was any one who had a claim against the United States *on account* of personal injury or damage to property. Broader phrases or words more likely to embrace liability generally are difficult to imagine. A joint tort-feasor would have a claim on account of personal injury as would a subrogee. This point was settled by the decision of the Supreme Court in United States v. Aetna Surety Co., supra. It would seem to have been the intention of Congress to put the United States on a precise parity with the private litigant in suits cognizable under the F.T.C.A. See Moore's Federal Practice, 2nd ed., Vol. 3, pp. 2730-2739.

The judgments in the instant cases are cast in proper form for it will be observed that at each number (Civil Action No. 7715 in the case of the Gutmanns, and Civil Action No. 7857 in the case of the Howeys) the judgments were first found against Yellow Cab and the court then ordered that judgments be entered in favor of Yellow Cab and against the United States for one-half of the amounts. The Pennsylvania law and practice do not require the existence of a joint judgment before a claim for contribution can be enforced against the joint tort-feasor.[12] The Pennsylvania third-party practice is within the purview of Rule 14(a), F.R.C.P. Separate suits could have been filed against the United States by Yellow Cab, the United States being the sole defendant, and judgments of contribution could thus have been obtained by Yellow Cab. The principle of United States v. Sherwood, 312 U.S. 584, 587-588, 61 S.Ct. 767, 85 L.Ed. 1058, arising under the Tucker Act, would be inapplicable even by way of analogy for such judgments would have been obtained in suits in which the United States was the sole defendant. In the instant cases the learned trial judge could have terminated the proceedings after judgments had been rendered in favor of the Gutmanns and the Howeys against Yellow Cab, and then could have proceeded to give separate trials to the United States on the issue of contribution. Surely the stricture of the Sherwood case, even if it were deemed to be applicable to cases involving joinder of the United States arising under the F.T.C.A., would not serve to require second, separate trials with the United States as the sole defendant, the issue being one of contribution, for such second, separate trials would embrace the same evidence as that already received and would be conducted before the same judge. Cf. United States v. Aetna Surety Co., supra.

It is urged that somehow and in some way there might be a difference in quality, and therefore in result, in a trial in which the liability of two joint tort-feasors is adjudicated as compared to a trial in which

---

11. Cf. the pertinent provisions of Section 1346(b) of revised Title 28 United States Code Annotated, as follows: "* * * the District Court * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employ- ment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Cf. note 6, supra.

12. Note that in the case of Fisher v. Diehl, 156 Pa.Super. 476, 40 A.2d 912, the wife could not sue the husband for negligent personal injuries. Therefore, a joint judgment could not have been obtained by her.

the right of one tort-feasor to exact contribution from another is determined even if the trials were to be proceeded with in the same court and before the same judge. This argument would seem to be based on the proposition that the liability of the United States would somehow be enlarged, or it would be placed in an invidious position because its blameworthiness is determined in a suit with that of another defendant. Such an argument seems divorced from reality. But in any event the short answer to it is that the doctrine of the Sherwood case is inapplicable by way of analogy to the instant cases for it was apparently the intention of Congress to cause the United States to stand in equality with the private litigant in suits arising under the F.T.C.A.

The judgments of the court below will be affirmed.

Judge O'CONNELL heard the argument and participated in the consideration of these appeals but died before the opinion was filed.

Magruder, Chief Judge, dissented.