**CAPITAL TRANSIT CO. v. UNITED STATES.**

No. 10467.

United States Court of Appeals
District of Columbia Circuit.

Argued March 29, 1950.

Decided June 5, 1950.
Writ of Certiorari Granted Oct. 9, 1950.
See 71 S.Ct. 61.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. George D. Horning, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Marvin E. Frankel, New York City, Attorney, Department of Justice, of the Bar

of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Assistant Attorney General H. G. Morison, George Morris Fay, United States Attorney, Paul A. Sweeney, Attorney, Department of Justice, and Messrs. Joseph M. Howard and Joseph F. Goetten, Assistant United States Attorneys, Washington, D. C., were on the brief, for appellee.

Before CLARK, WASHINGTON and KIMBROUGH STONE (sitting by designation), Circuit Judges.

WASHINGTON, Circuit Judge.

This case presents the question whether under the Federal Tort Claims Act[1] the United States may be joined as a third party defendant in a suit between private litigants, when the purpose of such joinder is to secure contribution from the United States as a joint tort feasor.

The plaintiff, Kenneth Neil Stradley, filed suit for damages for personal injuries against the Capital Transit Company, appellant here, alleging negligence. Capital sought and obtained leave of court to make the United States a third party defendant, alleging that the negligence of a Government employee was the sole or the contributing cause of any injury which plaintiff sustained, and requesting that the United States be held liable for a contributable portion of any sum which might be adjudged against Capital in plaintiff's favor. Upon motion by the United States to dismiss the third party complaint for failure to state a cause of action upon which relief could be granted, the District Court entered a final judgment dismissing that complaint with prejudice.

The Federal Tort Claims Act provides, in part, as follows: "Subject to the provisions of this title, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the United States district courts for the Territories and possessions of the United States, sitting without a jury, shall have exclusive jurisdiction to hear, determine,. and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages. Costs shall be allowed in all courts to the successful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorneys' fees." Section 410(a), Act of August 2, 1946, c. 753, Title IV, 60 Stat. 842.

The District Court in dismissing the third party complaint held that a suit for contribution was not one for "money damages, for * * * personal injury or death", within the meaning of the Federal Tort Claims Act. Capital contends that this judgment was erroneous in that it too narrowly construed the waiver of sovereign immunity contained in the Federal Tort Claims Act; that the Act specifically provides that the United States shall be liable to the same extent and in the same manner as a private person; that the clear intendment was that local law should determine whether there is a right of contribution by the joint tort feasors; and that under the law of the District of Columbia, if the United States were a private person, it would be liable for contribution under the circumstances here presented. Appellant further argues that under the Act the United States has made itself amenable to the third party practice

---

1. Act of August 2, 1946, c. 753, Title IV, 60 Stat. 842, as amended. See 28 U.S.C.

A. §§ 1346(b), 2671–2680, codifying the major sections of the Act.

provided for in the Federal Rules of Civil Procedure, 28 U.S.C.A., and, accordingly, that the United States properly may be impleaded. The United States contends, first, that even if a suit for contribution is permissible under the Tort Claims Act, still the United States may not be joined as a third party defendant in a suit between private litigants; and, second, that in any event a suit for contribution is not within the scope of the Federal Tort Claims Act, not being a suit sounding in tort.

We have recently held, in Sappington v. Barrett, 86 U.S.App.D.C. 334, 182 F.2d 102, that the United States cannot be joined as a codefendant, to enforce liability as a joint tort feasor, in a suit between private litigants. In the instant case, we have the parallel question whether the United States can be joined as a third party defendant in such a suit. The United States Court of Appeals for the Third Circuit recently considered both questions—joinder of the United States as a joint tort feasor and its joinder as a third party defendant. It concluded that both types of joinder were permissible. Howey v. Yellow Cab Co. (United States); Gutmann v. Yellow Cab Co. (United States), 3 Cir., 181 F.2d 967.[2]

We are constrained to disagree with the learned judges of the Third Circuit. The Act itself does not deal directly with the question of joinder. The legislative history, however, deals with that question very clearly and positively. And the character and framework of the Act, as well as its legislative history, impel us to the conclusion that the United States has not consented to be joined either as a co-defendant or as a third party defendant in a suit between private litigants.

The Tort Claims Act was passed as one chapter of the Legislative Reorganization Act of 1946. Its purpose was twofold. First, it was to provide convenient administrative and judicial remedies to those injured through the fault of a Government employee. Previously, relief ordinarily could only be secured by obtaining passage of special bills by Congress. The second purpose of the Act was to relieve congressional committees of the overburdening work of considering these special bills, involving as it did the task of determining whether the United States should pay to private persons damages for injuries they had allegedly sustained because of the negligence of employees of the Government. Sen.Rep. No.1400, 79th Cong., 2d Sess., pp. 29–31. Thus, as a matter of function, in cases under the Tort Claims Act the District Courts are sitting in substitution for congressional committees, i. e., on a basis similar to the Court of Claims. Drummond v. United States, D.C., 78 F.Supp. 730–731. This is suggestive of the type of jurisdiction Congress intended to confer. And the report on House Bill 181, 79th Congress, 1st Session, makes explicit the congressional intent that no person should be permitted "to be joined as a defendant with the United States." House Bill 181 was substantially identical with the Tort Claims Act as finally passed.[3] The House Committee reporting

2. The actual question in both cases related to joinder of the United States as a third party defendant.

3. See Sen.Rep.No.1400, 79th Cong., 2d Sess., p. 30; Brooks v. United States, 337 U.S. 49, 52, 69 S.Ct. 918, 93 L.Ed. 1200. The Tort Claims Act has a long legislative history, having been submitted to Congress in many forms and for many years prior to its enactment. See Brooks v. United States, supra, 337 U.S. at page 51, 69 S.Ct. 93. The report accompanying the Tort Claims Act as finally enacted (Sen.Rep.1400) was a report on the entire Legislative Reorganization Act, of which the Tort Claims Act was but one

of seven titles. Accordingly, Sen.Rep. 1400 contained a relatively brief description of the Act. And, unlike H.R.Rep. 1287, infra, which accompanied House Bill 181, Sen.Rep.1400 makes no specific reference to the problem of joinder. The Court of Appeals for the Third Circuit observed that "the legislative history of the F.T.C.A. is inconclusive. * * *" It expressed the view, however, that the omission of any reference to joinder in Sen.Rep.1400 indicated "that it was not the intention of Congress to cause the United States to be treated in a different manner from any private litigant in respect to joinder." Howey v. Yellow Cab Co., supra. But as we have noted, Sen.

on that bill said: "It is intended that the district courts in exercising jurisdiction under this title shall exercise essentially the same type of jurisdiction as district courts exercise concurrently with the Court of Claims of the United States under the Tucker Act (act of March 3, 1887, 24 Stat. 505; 28 U.S.C. sec. 41(20) ). *The bill therefore does not permit any person to be joined as a defendant with the United States* and does not lift the immunity of the United States from tort actions except as jurisdiction is specifically conferred upon the district courts by this bill. (See United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Lynn v. United States, 5 Cir., 1940, 110 F.2d 586, 588; Waite v. United States, 1922, 57 C.Cl. 546; Jackson v. United States, 1891, 27 C.Cl. 74, 84. The phrase 'as a court of claims' in section 301 of the Senate bill was deleted as surplusage." (H.R.Rep. 1287, 79th Cong., 1st Sess., p. 5.) (Emphasis supplied.)

Among the cited authorities in that report was United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. There the question was whether or not a private party could be joined with the United States in a suit under the Tucker Act. The Court of Appeals had held in the affirmative, relying among other things on the joinder provisions of the Federal Rules of Civil Procedure. 2 Cir., 112 F.2d 587. The Supreme Court reversed, holding that the United States had not consented to be sued under the Tucker Act along with a private party, and that therefore the District Court lacked *jurisdiction of the suit against the United States.* It further held that even if the Federal Rules were applicable they merely set out the manner in which jurisdiction was to be exercised and could not confer jurisdiction upon the Federal courts. While the Sherwood case is not, in the strict sense, controlling, we think its reasoning applicable here.[4] It is true that, unlike the Tort Claims Act, the Tucker Act specifically provided that the District Courts were to have jurisdiction concurrent with the Court of Claims, and that this influenced the Supreme Court's determination that joinder was not permissible. But Congress could not have provided in the Tort Claims Act that the District Courts shall have jurisdiction *concurrent* with the Court of Claims, as it did under the Tucker Act, for the reason that the Court of Claims does not exercise original jurisdiction in tort cases. And, as H.R.Rep. 1287 states, the type of jurisdiction to be exercised was referred to, in bills forming part of the history of the Tort Claims Act, as that of a court of claims. While that reference was deleted in the final draft as surplusage, we think the purpose and framework of the statute demonstrate that the District Courts, under the Act as under its predecessor bills, are sitting substantially as courts of claims.

The Act provides that upon the consent of all appellees an appeal may be taken to the Court of Claims from the District Courts. 28 U.S.C.A. § 1504. The Supreme Court has said: "The Court of Claims is a legislative, not a constitutional, court. Its judicial power is derived not from the Judiciary Article of the Constitution, article 3, but from the Congressional power 'to pay the debts * * * of the United States' * * *." United States v. Sherwood, supra, 312 U.S. at page 587, 61 S.Ct. at page

Rep.1400 was not a detailed report; it merely outlined the major features of the Act. And, as has been pointed out, it was recognized in the report that with but one exception of substance, the Act is the same as House Bill 181, discussed in H.R.Rep.1287, infra. We therefore consider it proper to give weight to H.R. Rep. 1287. See Uarte v. United States, D.C., 7 F.R.D: 705, 708–709.

4. Sec. 411 of the Tort Claims Act provided that practice and procedure shall be in accordance with the Rules of Civil Procedure. When Title 28 was revised and codified, this section was omitted as surplusage, "since other provisions of the title provide that tort claims shall be asserted in civil actions, and that the Rules of Civil Procedure promulgated by the Supreme Court shall apply to all civil actions." Sen.Rep.No.1559, 80th Cong., 2d Sess. (Amendment No. 61). This deletion makes clear that Congress, in the Tort Claims Act, did not intend, by reference to the Rules of Civil Procedure, to grant a greater measure of jurisdiction than had been indicated elsewhere in the Act, but merely to make the Rules applicable where jurisdiction existed.

770. It seems unlikely that Congress intended the Court of Claims to determine judicial controversies between private litigants, something completely outside its normal function. Yet that result might follow from joinder of the United States with other defendants. "To magnify the anomaly, suppose the United States did not appeal, or was successful in the lower court while the other defendants were not, and thus put before the Court of Claims only private litigants." Drummond v. United States, D.C., 78 F.Supp. 730, 732. These factors are not conclusive. But they gain meaning when we note that as against the United States no jury trial may be had under the Act (28 U.S.C.A. § 2402), while in suits between private litigants there is ordinarily a jury trial as a matter of right. Therefore, if joinder were permitted, the Court of Claims might have to review jury verdicts, clearly beyond the scope of its usual province, as well as non-jury determinations.

Apart from review by the Court of Claims, the question of jury trials presents a real problem if joinder is permissible. Particularly is this true of joinder of the United States as a third party defendant. In the present suit, for example, the United States would be permitted under the Rules of Civil Procedure, Rule 14(a), to assert, in addition to its own defenses against a third party plaintiff, any defenses against the plaintiff's claim which the third party plaintiff may have. This opens up the possibility of the court and jury reaching opposite conclusions on the same questions. For the jury might find the defendant (third party plaintiff) liable to the plaintiff, finding against the third party plaintiff on all defenses asserted, while the court, at the same time, absolved the United States (third party defendant) of liability, finding, on the identical defenses, that the third party plaintiff was not liable to the plaintiff and, accordingly, that there was no right of contribution. Paradoxical possibilities of this sort are certainly indicative that Congress did not intend to permit such joinder.

■ Appellants contend that because the Act provides that the liability of the United States is to be the same in manner and extent as that of a private individual (28 U.S.C.A. § 2674) it must follow that the United States can be joined as third party defendant in litigation where a private person would be amenable to such joinder. This contention has much force, *in vacuo*. But when the provision is read within the framework of a comprehensive scheme permitting suit against the Government, and with due consideration of legislative history, it becomes clear that the reference is only to "the jurisdiction of the claim and the liability for the claim," and not to "other incidents of litigation", such as the susceptibility of the United States to be joined in a suit between private parties. Drummond v. United States, supra, D.C., 78 F.Supp. at page 731. This is borne out by the fact that, in the very paragraph spelling out the liability of the United States, Congress provided that trial against the United States should be by the court without a jury, whereas, as we have noted, between private litigants jury trial is of right. Section 410 of the Act, now 28 U.S.C.A. § 2402. The Act also provides a different rule as to venue than is the case in suits between private litigants. Compare 28 U.S.C.A. § 1402(b) with § 1391. And a special statute of limitations. 28 U.S.C.A. § 2401. The reference to liability merely means that the same substantive law should govern the question whether an employee of the United States had committed a tortious act for which the United States was responsible, and that the same measure of damages should be applicable, as if the United States were a private party. Sen.Rep. No. 1400, 79th Cong., 2d Sess., p. 32.

■ Thus, whether we approach the problem as one of merely interpreting the face of the statutory language, or whether we go behind that language to the history of the Act, we must reach the same conclusion, namely, that Congress did not intend the United States to be joined as a third party defendant. In our view, therefore, the Tort Claims Act does not permit the joinder of the United States, either as a co-defendant Sappington v. Barrett, supra, or as a third party defendant, in a suit between private litigants.

Joinder of parties is ordinarily no more than a question of procedure, and Rule 21 of the Federal Rules of Procedure provides that misjoinder of parties is not grounds for dismissal of an action. But in suits against the United States, such as the present, a different principle prevails. For the United States may only be sued in the manner and according to the procedure to which it has consented. The statute waiving sovereign immunity creates the bounds of the jurisdiction of the Federal courts in entertaining suit against the United States. United States v. Sherwood, supra.

The Supreme Court has recently held that an insurance company can sue under the Tort Claims Act in its own name, on a claim to which it had become subrogated by reason of payments to the insured. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 216. In that case, Chief Justice Vinson, speaking for the court, said: "We think that the congressional attitude in passing the Tort Claims Act is more accurately reflected by Judge Cardozo's statement in Anderson v. Hayes Construction Co., 243 N.Y. 140, 147, 153 N.E. 28, 29: 'The exemption of the sovereign from suit involves hardship enough, where consent has been withheld. We are not to add to its rigor by refinement of construction, where consent has been announced.'"

The holding of the Supreme Court in the Aetna case represented a broad construction of the Act. But it was one which was amply supported by the purpose, structure and legislative history of the statute. In the present case, even applying the generous view laid down for us in the Aetna decision, we find that purpose, structure and history lead us to but one result—a result unfavorable to joinder.

Since we hold that the District Court had no jurisdiction to entertain the third party complaint, we need not here decide whether, in a separate action, appellant here may enforce whatever right to contribution it may have against the United States. Accordingly, without prejudice to the maintenance of such a suit, the judgment of the District Court dismissing the third party complaint is

Affirmed.