**BENBOW v. WOLF.**

**WOLF v. UNITED STATES.**

**No. 13347.**

United States Court of Appeals
Ninth Circuit.

June 30, 1954.

---

Bauder, Gilbert, Thompson & Kelly, H. T. Ellerby, Los Angeles, Cal., for appellant Benbow.

Frye & Yudelson, North Hollywood, Cal., for appellant Wolf.

Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Reuben Rosensweig, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and McCORMICK, District Judge.

JAMES ALGER FEE, Circuit Judge.

An action was brought on behalf of a six year old minor named Wolf on the claim that personal injuries were sustained when a government mail truck driven by Benbow, employed as a mail carrier, negligently struck him. The United States, as the employer of the carrier, was also made defendant. Issues were joined by both defendants.

The question of the liability of the individual defendant was segregated and tried before a jury, which found in favor of the minor and assessed damages at $10,000.00. Thereupon, the Court, without a jury, based upon an admission of the government that Benbow was an agent of the United States acting in the scope of his employment, tried the segregated issues respecting the government and on the same record entered a judgment for Wolf in the sum of $2,500.-00. A joint judgment was entered for these diverse amounts.

The Supreme Court of the United States has said that the difficulties presented by joinder in this type of case and separate findings of liability as to an individual and the government are "not insurmountable." [1] The proposition is here reduced to surd. The unsolvable dilemma which was presented to the trial judge in this case was not of his making or choosing. The theoretical possibility struck implacable facts. [2] The policy of upholding a jury verdict, if there were competent and substantial evidence to sustain it, ran afoul of the policy of prevention of raiding the Treasury by outlandish verdicts in cases against the government.

Certain it is, the result of conflicting answers to the same questions on the same evidence is not in the public interest and tends to bring the judicial process in disrepute.

It may be the Supreme Court will alleviate the situation by holding that the agent and the government cannot be joined in the same action. [3] There is

---

1. United States v. Yellow Cab Co., 340 U.S. 543, 555, 71 S.Ct. 399, 95 L.Ed. 523.

2. More accurate was the forecast of Judge Bryan in Drummond v. United States, D.C., 78 F.Supp. 730, 732: " * * * other situations, equally insurmountable, are foreseeable to make it plain now that joinder of defendants by

the plaintiff was never intended by the Congress."

3. Before the ruling of the United States Supreme Court in United States v. Yellow Cab Co., supra, a great many trial judges prophesied the procedural snarls which would arise in entering a single joint judgment against various defend-

warrant for this in the fact that Congress probably intended that, if the action were brought against the United States, the remedy was exclusive and, if recovery were had, the agent could be cleared.[4]

However that may be, in the present case the remedy is simple. The record does not show that diversity of citizenship is involved between plaintiff and his guardian and Benbow. The jurisdiction given by the Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq., for suits against the government will not, without express statutory authority, support, as ancillary, a proceeding against the agent of the United States.[5]

The judgment is reversed and set aside.

The cause against Benbow is dismissed for want of jurisdiction. Since there can be no harm in amending the complaint by striking out allegations as to a defendant over whom the Court has no jurisdiction, the case may proceed to another trial as if originally filed against the United States alone.

ants. Chief among these was the opinion by Judge Yankwich, Uarte v. United States, D.C., 7 F.R.D. 705, in which he stated: "It contemplates that the Government shall be the *sole* defendant." 7 F.R.D. at page 707. See also Donovan v. McKenna, D.C., 80 F.Supp. 690; Stradley v. Capital Transit Co., D.C., 87 F.Supp. 94. These decisions were reversed by the Yellow Cab case. See also Prechtl v. United States, D.C., 84 F.Supp. 889; Drummond v. United States, D.C., 78 F.Supp. 730; Sappington v. Prencipe, D.C., 87 F.Supp. 357. It is true, certain distinguished trial judges, dealing with problems which did not focus attention on the inevitable procedural confusion, held otherwise, State of Maryland for Use of Pumphrey v. Manor Real Estate & Trust Co., D.C., 83 F.Supp. 91; Englehardt v. United States, D.C., 69 F.Supp. 451, and laid the basis for the appellate holdings which culminated in the Yellow Cab case. One appellate court only had prescience to remark, "This contention [that joinder is pos-

sible under the Act] has much force, *in vacuo*." Capital Transit Co. v. United States, 87 U.S.App.D.C. 72, 183 F.2d 825, 829.

4. The Congress has the apparent intention that the individual be not pursued if the United States be liable. 28 U.S.C.A. § 2676. The Supreme Court has already applied the doctrine in an analogous field. Gilman v. United States, 9 Cir., 206 F.2d 846, affirmed 347 U.S. 507, 74 S.Ct. 695.

5. Dickens v. Jackson, D.C., 71 F.Supp. 753. See also Wasserman v. Perugini, 2 Cir., 173 F.2d 305: "* * * the mere assertion of a claim by the plaintiffs against the United States is insufficient to create jurisdiction over a separate claim against the individual defendants where there is no diverse citizenship as between the plaintiff and those individuals." 173 F.2d at page 306. Bullock v. United States, D.C., 72 F.Supp. 445; Prechtl v. United States, D.C., 84 F.Supp. 889; United States v. Lushbough, 8 Cir., 200 F.2d 717.